**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SANDRA WILSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | 3:25-cv-1282 |
| | § | |
| **PLANHAT, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**I.**

## INTRODUCTION

Sandra Wilson (formerly known as Sandra Njemo) ("Plaintiff") files this Original Complaint against Planhat, Inc. ("Defendant").

**II.**

## PARTIES

1. Plaintiff is an individual and a citizen of Ellis County, Texas.

2. Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 651 N. Broad Street, Middletown, Delaware 19709. Defendant may be served with process, including summons and a copy of this lawsuit, by serving Defendant's registered agent for service of process, Registered Agents Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731

**III.**

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under federal law.

4. Defendant employs the requisite number of employees for coverage under the relevant federal acts upon which Plaintiff's claims are based.

**IV.**

**VENUE**

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Ellis County.

6. Ellis County lies within the Dallas Division of the Northern District of Texas, as set forth in 28 U.S.C. § 124(a)(1)/124(c)(3).

**V.**

**BACKGROUND FACTS**

7. Plaintiff was employed as an remote Account Executive for Defendant from May 10, 2022, until she was wrongfully terminated on January 23, 2024.

8. Plaintiff worked remotely from her home for her entire employment.

9. During Plaintiff's employment with Defendant, she was subjected to discrimination based on her sex (female) and pregnancy and retaliated against for requesting FMLA/maternity leave for the birth of her child.

10. In November 2023, Plaintiff informed her boss, Thomas Smeallie (Director of Regional Sales), that she was pregnant.

11. Plaintiff notified Mr. Smeallie of her pregnancy at that time because she was dealing with pregnancy-related sickness and had to move meetings around to accommodate her sickness.

12. In time, Plaintiff informed the majority of her team of her pregnancy.

13. Plaintiff's fourth quarter performance was impacted by her pregnancy-related sickness, but she still ranked number three on the team for the year.

14. On January 18, 2024, Plaintiff submitted her request for FMLA/maternity leave through Defendant's Human Resources system, seeking FMLA/maternity leave from June 17, 2024 through December 31, 2024.

15. Two business days later, on January 23, 2024, Plaintiff had a Zoom meeting with Mr. Smeallie, Kusal De Silva (CRO), Tazina Chakma (Corporate Legal) in which Plaintiff was told that she was being terminated for performance.

16. The reason for Plaintiff's termination is pretextual because Plaintiff had consistently been a top performer in the company, was ranked number one for three out of the five full quota carrying quarters she worked there, had received no coaching or counseling regarding her performance, and had been commended for her dedication to training a mentee assigned to her by Mr. Smeallie.

17. The true reason for Plaintiff's termination was because the company did not accommodate or account for Plaintiff's pregnancy related illness in reviewing her performance and did not want to provide Plaintiff the maternity leave she was entitled to under the company policy and FMLA.

## VI.

## CAUSES OF ACTION

### A. First Cause of Action—FMLA Interference

18. Plaintiff incorporates each of the foregoing paragraphs.

19. Defendant denied Plaintiff leave that should have been covered by the Family and Medical Leave Act.

20. Defendant's actions violated 29 U.S.C. § 2615(a)(1).

**B. Second Cause of Action—FMLA Discrimination**

21. Plaintiff incorporates each of the foregoing paragraphs.

22. Defendant terminated Plaintiff's employment while he was on leave that should have been covered by the Family and Medical Leave Act.

23. Defendant's actions violated 29 U.S.C. § 2615(a)(2).

**C. Cause of Action—Sex Discrimination—TCHRA**

24. Plaintiff incorporates each of the foregoing paragraphs.

25. Defendant discriminated against Plaintiff because of Plaintiff's sex/pregnancy.

26. Plaintiff was treated differently than similarly situated males/non-pregnant females.

27. Defendant's actions violated section 21.051 of the Texas Labor Code.

**D. Cause of Action—Sex Discrimination—Discriminatory Discharge—TCHRA**

28. Plaintiff incorporates each of the foregoing paragraphs.

29. Defendant discriminated against Plaintiff because of Plaintiff's sex/pregnancy, and terminated Plaintiff's employment and/or constructively discharged Plaintiff because of her sex/pregnancy.

30. Defendant's actions violated section 21.051 of the Texas Labor Code.

**E. Cause of Action—Unlawful Retaliation—TCHRA**

31. Plaintiff incorporates each of the foregoing paragraphs.

32. Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055.

33. In response, Defendant retaliated against Plaintiff and ultimately terminated Plaintiff's employment and/or constructively discharged Plaintiff.

34. Defendant's actions violated section 21.055 of the Texas Labor Code

## VII.

## DAMAGES

35. Plaintiff incorporates each of the foregoing paragraphs.

36. Defendant's actions violated 29 U.S.C. § 2615, which, pursuant to 29 U.S.C. § 2617, entitles Plaintiff to recover from Defendant any wages, salary, employment benefits, or other compensation denied or lost.

37. Plaintiff is entitled to recover liquidated damages from Defendant equal to the amount awarded to Plaintiff as wages, salary, employment benefits, or other compensation denied or lost, pursuant to 29 U.S.C. § 2617(a)(1)(iii).

38. Plaintiff seeks all damages available under federal law.

## VIII.

## ATTORNEYS' FEES AND COSTS

39. Plaintiff incorporates each of the foregoing paragraphs.

40. Plaintiff retained the services of undersigned counsel to prosecute Plaintiff's claims.

41. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees and costs.

42. Defendant's actions violated the TCHRA, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

43. Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

44. Plaintiff seeks all damages available under the TCHRA.

**IX.**

**RESPONDEAT SUPERIOR**

45. Plaintiff incorporates each of the foregoing paragraphs.

46. Defendant is liable for the acts and/or omissions of its respective agents, representatives, employees, servants, and officers.

**X.**

**INJUNCTIVE AND EQUITABLE RELIEF**

47. Plaintiff incorporates each of the foregoing paragraphs.

48. Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

a. Prohibiting Defendant from engaging in unlawful discrimination;

b. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

c. Reinstating Plaintiff's employment with Defendant with backpay;

d. Paying court costs;

e. Any additional equitable relief as the Court deems proper.

**XI.**

**JURY DEMAND**

49. Plaintiff incorporates each of the foregoing paragraphs.

50. Plaintiff demands a trial by jury.

## XII.

## CONCLUSION AND PRAYER

51. Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

A. Back pay and front pay (including benefits);

B. Compensatory damages;

C. Punitive damages;

D. Reasonable attorneys' fees and expert fees;

E. Injunctive and equitable relief, including but not limited to, an Order:

a. Prohibiting Defendant from engaging in unlawful discrimination;

b. Reinstating Plaintiff's employment with Defendant with backpay;

c. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

d. Paying court costs;

e. Any additional equitable relief the Court deems proper;

F. Courts costs;

G. Pre-judgment and post-judgment interest at the rate set by law; and;

H. All legal or equitable relief this Court deems proper.

Respectfully submitted,

/s/ Brittney L. Thompson

MATTHEW R. SCOTT
Texas Bar No. 00794613
matt@sgtlawgroup.com
JAMIE J. GILMORE
Texas Bar No. 24045262
jamie@sgtlawgroup.com
BRITTNEY L. THOMPSON
Texas Bar No. 24104618
brittney@sgtlawgroup.com
**SCOTT GILMORE THOMPSON PLLC**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
214-965-9675 / 214-965-9680 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**